IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LESLIE WADE GATES,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-22-CV-00356-XR |
| PENNYMAC LOAN SERVICES, LLC,<br>*Defendant* | §<br>§<br>§<br>§ | |

## **ORDER**

On this date, the Court considered Defendant's motion to dismiss (ECF No. 6). No response has been filed, and the time in which to do so has expired. After careful consideration, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff Leslie Wade Gates seeks to prevent Defendant Pennymac Loan Services, LLC ("Pennymac") from foreclosing on the real property located at 3915 Medina Branch in San Antonio, Texas (the "Property"). Plaintiff purchased the Property on June 3, 2016, with funds obtained through a purchase-money loan (the "Loan") in the original principal amount of $168,884.00, as evidenced by a promissory note and security instrument ("Deed of Trust") in favor of the lender, DHI Mortgage Company Ltd. *See* ECF No. 6-2. The Deed of Trust was assigned to Pennymac in 2018. *See* ECF No. 6-3.[1]

---

[1] Defendant has attached as exhibits to its motion copies of the Deed of Trust and evidence of the subsequent assignment to Pennymac. *See* ECF Nos. 6-2, 6-3. The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because the Deed of Trust is central to the claims set forth in the Petition and referenced therein, the Court may consider them in evaluating Defendant's motion to dismiss.

Thereafter, Plaintiff defaulted on the Loan. *See* ECF No. 1-1 at 3, 8. After filing for bankruptcy in 2018, Plaintiff agreed to an order lifting the bankruptcy stay in March 2021 to allow Pennymac to proceed with foreclosure. *See* ECF No. 6-1.[2] A foreclosure sale was scheduled for April 5, 2022.

The day before the scheduled foreclosure sale, Plaintiff filed his Original Petition in state court, seeking to enjoin Defendant from selling the Property and alleging that Defendant had breached its duty to "deal with Plaintiff in good faith" under the Loan documents by "failing to make an effort to reinstate, refinance or modify his mortgage note, as is required by law to cure his defect in payment of his mortgage contract obligation, as required by the Property Code of the State of Texas." ECF No. 1-1 at 3. Plaintiff appears to assert claims for breach of contract and fraud and for violations of the Texas Property Code. *See* ECF No. 1-1 at 3–4. The Petition does not allege any injury beyond the alleged "irreparable injury" that Plaintiff will suffer if the April 5, 2022 foreclosure sale is not enjoined. *See* ECF No. 1-1 at 5. The state court issued an *ex parte* temporary restraining order ("TRO") on April 4, 2022, preventing the foreclosure sale. *See* ECF No. 4 at 4–7. On April 13, 2022, Defendant removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1.

Defendant now move to dismiss Plaintiff's petition with prejudice for failure to state a claim for relief that satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a) and, with respect to Plaintiff's claim for common law fraud, the heightened pleading standards under Rule 9(b). ECF No. 6. No response has been filed, and the time in which to do so has expired.

---

[2]   The Court here takes judicial notice of the prior bankruptcy. *See Krystal One Acquisitions, LLC v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) (permitting district court to take judicial notice of filings from prior lawsuits because such documents were public records).

**DISCUSSION**

**I.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

3

FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. March 31, 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II.   Analysis

### A.   Breach of Contract

Plaintiff alleges that Pennymac "breached its contract with Plaintiff" by "failing to act in good faith . . . by failing to make an effort to reinstate, refinance, or modify his mortgage note" and "failing to communicate and cooperate with Plaintiff in attempting to allow Plaintiff to modify, reinstate and/or refinance the mortgage contract[]." ECF No. 1-1 at 4–5.

In Texas, a claim for breach of contract requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston 2005, pet. denied)). To properly plead a breach-of-contract claim, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hosp. San Antonio, L.P.*, 995 F. Supp. 2d at 602; *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of contract of a note and deed of trust must identify the specific provisions in the contract that was breached."); *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach of contract claim where plaintiff did not specify which provision in the deed of trust was breached).

The Petition fails to identify the specific provision in the Deed of Trust that Pennymac allegedly breached. *See* ECF No. 1-1 at 4–5. Instead, Plaintiff alleges that Pennymac breached the Loan documents by failing to act in "good faith." *Id.* at 4–5. "Under Texas law, however, contracting parties owe a good-faith duty only if they expressly agree to act in good faith, a statute imposes the duty, or the parties have a 'special relationship' like that between an insurer

5

and insured." *Dallas/Fort Worth Int'l Airport Bd. v. Vizant Techs., LLC*, 576 S.W.3d 362, 370 n.13 (Tex. 2019). Moreover, any contractual duty to act in good faith does not create any new obligations or provide an independent cause of action. *See Vizant*, 576 S.W.3d at 370.

Plaintiff has not pled any plausible basis for implying a good-faith duty. Texas law does not recognize any such a duty between a mortgagor and mortgagee. *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014) ("The bank owed Scott no duty of good faith and fair dealing, and summary judgment on that claim was proper."); *see also Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013) ("In the mortgage context, there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty . . . .").

Given his failure to identify a specific provision in the Loan documents that Pennymac allegedly breached and absent any contractual duty of good faith and fair dealing, Plaintiff has not sufficiently pled a claim for breach of contract. *Innova Hosp. San Antonio, L.P.*, 995 F. Supp. 2d at 602; *Williams*, 560 F. App'x at 238; *Guajardo*, 605 F. App'x at 244.

**B.    Common Law Fraud**

Plaintiff asserts that same alleged "action on the part of the Defendant mortgage company" with respect to his breach-of-contract claim "also constituted fraud." ECF No. 1-1 at 5. The elements of a fraud claim in Texas are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the trust and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009).

The Petition does not identify any specific statements made by, or on behalf of Pennymac, or explain how those statements amounted to misrepresentations, instead referring generally to the "action on the part of the Defendant mortgage company." *See generally* ECF No. 1-1. Plaintiff fails to allege with sufficient specificity the "who, what, when, and where" of the alleged representations. *Williams*, 112 F.3d at 177. Indeed, Plaintiff explicitly alleges that "Plaintiff has not received *any* communication from Defendant . . . ." *See* ECF No. 1-1 at 3 (emphasis added). In short, Plaintiff has not put Pennymac on fair notice of the allegations made against it. *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-CV-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions"). Accordingly, Plaintiff's claim for common law fraud must be dismissed for failing to satisfy the pleading requirements of Rule 9(b).

C.   **Violations of the Texas Property Code**

Plaintiff additionally complains that he has not received legal notices or an opportunity to cure his default as "required by the Property Code of the State of Texas." ECF No. 1-1 at 4. To the extent that Plaintiff is attempting to allege a violation of Section 51.002 of the Texas Property Code, that provision does not require that Plaintiff receive pre-foreclosure notices—only that the mortgagor service *send* the notices. *See* TEX. PROP. CODE § 51.002(b), (d); *LSR Consulting*, 835 F.3d at 534 ("[T]he dispositive inquiry in not receipt of notice, but, rather, service of notice . . . ."). Ultimately, even if notice of default was not provided to Plaintiff, "[f]ailure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide [a] [p]laintiff with a cause of action prior to an actual foreclosure sale." *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15–CV–664–DAE, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015);

*see also Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-00001, 2018 WL 689610, at *3 (S.D. Tex. Feb. 1, 2018).

To the extent that this reference to the Texas Property Code is intended to support a claim for wrongful foreclosure, that claim likewise fails because no foreclosure sale has occurred. The Petition does not allege that the Property has been sold. Indeed, Plaintiff obtained a TRO in state court temporarily enjoining the foreclosure of the Property. *See* ECF No. 4 at 4–7.

In Texas, a claim for wrongful foreclosure requires a plaintiff to show: (1) a defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and grossly inadequate selling price. *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017). A wrongful foreclosure claim cannot survive if the party asserting the claim never lost the property in question. *Id.* (citing *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (reasoning that recovery is premised on lack of possession of the subject property)); *see also Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) ("No sale took place here, as the state court granted an injunction to prevent the sale of the house. Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law."). As such, Texas courts do not recognize an action for attempted or anticipatory wrongful foreclosure. *See Motten*, 831 F. Supp. 2d at 1007.

Here, Plaintiff alleges that notice was inadequate, but, because the foreclosure sale has not occurred, he cannot allege that the selling price was grossly inadequate or that there is a causal connection between the allegedly deficient notice and this price. Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure.

### D.     Injunctive Relief

Because Plaintiff's substantive claims fail as a matter of law, they cannot support his claim for injunctive relief. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Accordingly, injunctive relief is not appropriate here.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Petition (ECF No. 6) is **GRANTED** and Plaintiff's claims are **DISMISSED**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 1st day of June, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE